# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV12-07098 JAK (JCx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | VOLT 2012-NPL1 Asset Holdings Trust v. Ryan J. Argento, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

On June 26, 2012, Plaintiff VOLT 2012-NPL1 Asset Holdings Trust ("Plaintiff") filed an action for unlawful detainer in the Superior Court for the State of California, County of Los Angeles, against Defendant Ryan J. Argento ("Defendant"), seeking possession of the property located at 14804 Magnolia Blvd., Unit 1, Sherman Oaks, California (the "Property"). Compl., Notice of Removal, Exh. A, Dkt. 1. Plaintiff alleges that it acquired the Property at a trustee's sale following foreclosure on June 4, 2012. *Id.* at ¶ 5. Plaintiff seeks damages not in excess of $10,000. *Id.* at p.1. On August 17, 2012, Defendant removed the action to this Court. *See* Notice of Removal, Dkt. 1.

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Defendant seeks to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1331 (federal question jurisdiction).

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's unlawful detainer complaint, Notice of Removal, Exh. A, Dkt. 1, does not contain a cause of action that arises under federal law, nor does it raise a federal question; it alleges only unlawful detainer under California state law. Defendant argues that federal question jurisdiction exists because he raises a defense under the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. "However, the existence of a defense based upon federal law is insufficient to support jurisdiction," *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-07098 JAK (JCx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | VOLT 2012-NPL1 Asset Holdings Trust v. Ryan J. Argento, et al. | | |

F.2d 932, 934 (9th Cir. 1993). Thus, such a defense does not confer subject matter jurisdiction on this Court.

The party seeking to invoke the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, Defendant has not properly pleaded the presence of a federal question under 28 U.S.C. § 1331. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **September 21, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak _____